### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEWIS SIMMONS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-1559** |
| **JENNIFER R. SNOWDEN, ET AL.** | **SECTION: "S" (5)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion to Dismiss; Alterative Motion for Rule 7(a) Reply filed by defendants, Joshua Wilkerson, Hilmer Hermann, David Rumbelow, and the City of Kenner (the "City") (Doc. # 18), is **GRANTED,** as to plaintiff's Fourth Amendment claims for false arrest regarding the initial seizure brought against Wilkerson, Hermann, and Rumbelow  pursuant to 42 U.S.C. § 1983, and those claims are **DISMISSED**.  The motion to dismiss is **DENIED** as to: (1) plaintiff's Fourth Amendment claims for unlawful detention and excessive force brought against Wilkerson, Hermann, and Rumbelow under § 1983; and, (2) plaintiff's claims for false imprisonment and battery brought against Wilkerson, Hermann, and Rumbelow, and the City under Louisiana law. Further, the motion for a Rule 7(a) reply is **GRANTED** as to plaintiff's plaintiff's Fourth Amendment claims for unlawful detention and excessive force brought against Wilkerson, Hermann, and Rumbelow under § 1983.

**IT IS FURTHER ORDERED** that plaintiff file a reply to Wilkerson's, Hermann's, and Rumbelow's qualified immunity defenses regarding his claims for unlawful detention and excessive force by April 1, 2011.

## BACKGROUND

On May 26, 2009, plaintiff, Lewis Simmons, a New Orleans Police officer, went to the Hancock Bank in Kenner, Louisiana, and asked a teller about the procedure for opening a bank account.  Plaintiff did not have the items required to open an account, and he left the bank.   An employee of the Hancock Bank, Jennifer Snowden, contacted the Kenner Police Department and made a suspicious persons complaint regarding plaintiff.  Snowden also contacted other banks in the area, including the Whitney National Bank, and gave information concerning plaintiff.  Later that day, plaintiff entered the Whitney National Bank in Kenner, Louisiana to open an account, whereupon a bank employee, Maria McDaniel, activated the bank's armed robbery alarm based on Snowden's report.  Plaintiff, unaware of the alarm, met with a Whitney Bank officer regarding opening a checking account.  After being advised that his credit history precluded him from opening an account, plaintiff proceeded to exit the premises.  As plaintiff exited the bank, he was confronted by Kenner Police Officers Joshua Wilkerson, Hilmer Hermann, and David Rumbelow, who were responding to the armed robbery alarm.  With guns drawn, Wilkerson and Hermann yelled at plaintiff to get on the ground.  Plaintiff was momentarily startled and stepped back into the bank. He then complied with the officers' instructions and got on the ground.  While on the ground, plaintiff informed the officers that he was "a 26," police terminology for a fellow police officer. Rumbelow dry stunned plaintiff with a taser while Wilkerson and Herman handcuffed him.  The

officers detained plaintiff in the bank's security office until representatives from the New Orleans Police Department's Public Integrity Bureau arrived.  Plaintiff was ultimately released without being charged.

Plaintiff claims that the officers violated his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States to be free from unreasonable seizure, to be free from unlawful detention, and to be free from the excessive use of force during arrest.  Further, plaintiff claims that the officers' actions constitute false arrest and battery under Louisiana law. Plaintiff also alleges that the City is liable for the Louisiana state law torts under the theory of *respondeat superior* because the officers were acting in the course and scope of their employment.

Wilkerson, Hermann, Rumbelow, and the City filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The officers argue that they are entitled to qualified immunity regarding plaintiff's constitutional claims because their alleged conduct was objectively reasonable.  Also, the officer and the City argue that plaintiff has failed to state claims for false imprisonment and battery under Louisiana law.  In the alternative, defendants seek to compel a detailed reply to their qualified immunity defense pursuant to Rule 7(a) of the Federal Rules of Civil Procedure.

## ANALYSIS

### A.      Legal Standard for Motions to Dismiss Pursuant to Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure  permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim for relief that is plausible

on its face. In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir.2007) (quoting Bell Atlantic v. Twombly, 127 S.Ct. 1955, 1964 (2007)).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S.Ct. at 1965.

**B.     Rule 7(a) Reply**

The United States Court of Appeals for the Fifth Circuit has held that there is a heightened pleading standard where a defendant in a lawsuit brought pursuant to § 1983 has pleaded qualified immunity. Morin v. Caire, 77 F.3d 116, 121 (5th Cir. 1996); Schultea v. Wood, 47 F.3d 1427, 1434 (5th Cir. 1995) (en banc).  A civil rights plaintiff must support his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of a defendant's conduct. Schultea, 47 F.3d at 1434.  The United States Court of Appeals for the Fifth Circuit has held that a plaintiff need not anticipate a qualified immunity defense, and may meet the heightened pleadings requirement by filing a reply to the defendant's answer, if so ordered by the district court, pursuant to Rule 7(a). Id. at 1430, 1434.  "The court must first demand that a plaintiff must file 'a short and plain statement of his complaint, a complaint that rests on more than conclusions alone.'" Morin, 77 F.3d at 121 (quoting Schultea, 47 F.3d at 1433).  "Next, the court may, in its own discretion, insist that the plaintiff file a reply tailored to an answer pleading the defense of qualified immunity." Id. at 1434.  "Vindicating the immunity doctrine will ordinarily require such a reply, and the district court's discretion not to do so is narrow indeed when greater detail might assist." Shultea, 47 F.3d at 1434.

4

C.    **Qualified Immunity**

Defendants argue that they are entitled to qualified immunity regarding plaintiff's claims for violations of his constitutional rights to be free from unreasonable seizure, unlawful detention, and the excessive use of force during arrest brought under 42 U.S.C. § 1983.  "A qualified immunity defense serves to shield a government official from civil liability for damages based upon the performance of discretionary functions if the official's acts were objectively reasonable in light of then clearly established law." Atteberry v. Nocona Gen'l Hosp., 430 F.3d 245, 253 (5th Cir.2005) (citation omitted).  Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 106 S.Ct. 1092, 1096 (1986). "The immunity inquiry is intended to reflect the understanding that 'reasonable mistakes can be made as to the legal constraints on particular police conduct.'" Pasco v. Knoblauch, 566 F.3d 572, 582 (5th Cir. 2009) (citation omitted).  "A mistake reasonably made as to probable cause justifies qualified immunity." Mesa v. Prejean, 543 F.3d 264, 269 (5th Cir. 2008).

"When a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense." Club Retro, LLC v. Hilton, 568 F.3d 181, 194 (5th Cir. 2009) (citing McClendon v. City of Columbia, 305 F.3d 314, 323 (5th Cir. 2002) (*en banc*)). "To discharge this burden [upon a motion to dismiss,] a  plaintiff must satisfy a two-prong test. First, he must claim that the defendants committed a constitutional violation under current law. Second, he must claim that the defendants' actions were objectively unreasonable in light of the law that was clearly established at the time of the actions complained of." Atteberry, 430 F.3d at 253; see also Stokes v. Gann, 498 F.3d 483, 484 (5th Cir. 2007).  In the qualified immunity context, the

5

objective reasonableness of an officer's belief that his conduct was lawful is a question of law, not fact. See Attenberry, 430 F.3d at 256.

As to the second prong, "it is the defendant's conduct as alleged in the complaint that is scrutinized for 'objective legal reasonableness'" on a motion to dismiss. McClendon, 305 F.3d at 323 (emphasis in original and quoting Behrens v. Pelletier, 116 S.Ct. 834, 840 (1996)).  The sequence of the two-prong analysis is not mandatory, and courts may exercise discretion in deciding which of the two prongs should be addressed first. Pearson v. Callahan, 129 S.Ct. 808, 818 (2009).

### 1.   Unlawful Arrest and Detention Claims

Plaintiff alleges that the officers violated his Fourth Amendment rights to be free from unlawful arrest and detention. Specifically, he claims that the officers unlawfully arrested him when they made him get to the ground and handcuffed him outside of the Whitney Bank without probable cause.  Further, he alleges that the officers unlawfully detained him by keeping him handcuffed on the sidewalk and then keeping him in custody in the bank's security office.

"Whether an arrest is illegal hinges on the absence of probable cause." Sorenson v. Ferrie, 134 F.3d 325, 328 (5th Cir. 1998).  If probable cause to arrest for an offense existed at the time of arrest, there is no cause for unlawful arrest pursuant to 42 U.S.C. § 1983. Fields v. City of South Houston, 922 F.2d 1183, 1189 (5th Cir. 1991).  Probable cause exists when the facts within the officer's knowledge and facts of which he has reasonably reliable information would be sufficient to cause a prudent person to believe that the suspect has committed or is committing a crime. United States v. Wadley, 59 F.3d 510, 512 (5th Cir. 1995).

6

The officer defendants argue that they had probable cause to arrest plaintiff because: (1) personnel from the Hancock Bank in Kenner reported suspicious activity by plaintiff to the Kenner Police Department; (2) Whitney Bank personnel activated the armed robbery alarm; and, (3) when the officers, with their guns drawn, confronted plaintiff leaving the bank and instructed him to get on the ground, he stepped back into the doorway of the bank.

Plaintiff alleges that the officers lacked probable cause to believe he had committed, or was committing a crime, because the Hancock Bank report did not suggest that he intended to take anything from that bank, and the activation of the Whitney Bank's armed robbery alarm, without further information from Whitney Bank personnel, provided no facts to establish criminal activity by plaintiff. Further, plaintiff argues that his momentary confusion followed by compliance with the officers' commands could not lead a reasonable person to believe he had committed a crime.

The cumulative facts within the officers' knowledge at the time of the initial seizure were sufficient for probable cause. See United States v. Wardley, 59 F.3d 510, 512 (5th Cir. 1995).  The report of suspicious activity by someone fitting plaintiff's description at another bank in the area on the same day, combined with the activation of the Whitney Bank's armed robbery alarm, would lead a reasonably prudent officer to be on the lookout for plaintiff when arriving at the Whitney Bank. When the officers saw plaintiff exiting the bank as they arrived, and he initially refused to comply with their commands, it confirmed their reasonably held suspicions and rose to the level of probable cause to restrain him.  A reasonable belief on the part of officers as to the existence of probable cause will prevent the imposition of liability for false arrest even if it is mistaken. Baker v. McCollan, 99 S.Ct. 2689, 2694-95 (1979).  Thus, the officers are entitled to qualified immunity from

plaintiff's unlawful arrest claim regarding the initial seizure because their probable cause determination was objectively reasonable, and the motion to dismiss is GRANTED as to those claims. See Mesa v. Prejean, supra, 543 F.3d at 269.

However, a lawful seizure "can become unlawful if it is prolonged beyond the time reasonably required to complete that mission." Illinois v. Caballes, 125 S.Ct. 834, 837 (2005). Here, plaintiff was kept handcuffed on the sidewalk and then detained in the Whitney Bank's security office until officers from the New Orleans Police Department's Public Integrity Bureau arrived. The officers' conduct in detaining plaintiff may have been beyond what was reasonably required to complete their mission to investigate the armed robbery complaint. After plaintiff was incapacitated, and the perceived threat to their safety neutralized, the officers could have discovered plaintiff's innocent purpose for being at the bank. Plaintiff provides no information regarding what the officers did while he was detained in the bank's security office, what steps the officers took to determine whether he was armed and to discover his innocent purpose, or how long he was held. Therefore, there are factual issues that preclude a determination at this time regarding the officers' entitlement to qualified immunity as to plaintiff's claim for unlawful detention.

Defendants' motion to dismiss is DENIED, and defendants' motion for a reply pursuant to Rule 7(a) of the Federal Rules of Civil Procedure as to the claim for unlawful detention is GRANTED. Plaintiff shall file a reply to defendants' claim of qualified immunity regarding his claim for unlawful detention by April 1, 2011. Plaintiff shall include information regarding what the officers did while he was detained in the bank's security office, what steps the officers took to determine whether he was armed and to discover his innocent purpose, or how long he was held.

8

### 2.    Excessive Force Claim

The Fourth Amendment protects the right of people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures. Milligan v. City of Slidell, 226 F.3d 652, 654 (5th Cir. 2000).  To succeed in a § 1983 claim for excessive force under the Fourth Amendment, a plaintiff must show that: (1) he suffered an injury; (2) such injury resulted directly and only from the use of force that was excessive to the need, and; (3) such force was objectively unreasonable. Flores v. City of Palacios, 381 F.3d 391, 396 (5th Cir. 2004); Goodson v. City of Corpus Christi, 202 F.3d 730, 740 (5th Cir. 2000).  Assessing the reasonableness of a police officer's use of force involves "a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Graham v. Connor, 109 S.Ct. 1865, 1871 (1989).  This balancing "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation." Id. at 1872.

Plaintiff alleges that Rumbelow's using a taser on him was unlawful because, except for a moment of confusion, he did not resist the officers.  Plaintiff alleges that, after a moment of being startled, he complied with the officers' instructions to get on the ground.  Further, plaintiff alleges that, while on the ground, he informed the officers that he was a police officer.  Plaintiff contends

that he was shocked with a taser although he was compliant. The officers contend that they are entitled to qualified immunity because their use of force against plaintiff was not excessive to any need, and was objectively reasonable under the circumstances. The officers believed they were responding to an armed robbery, but it is not apparent whether they had reason to believe plaintiff was armed.  Plaintiff does not provide any information regarding when he was shocked with the taser, i.e. whether it was before or after his moment of confusion.  Therefore, there are factual issues that preclude a determination at this time regarding the officers' entitlement to qualified immunity as to plaintiff's claim for excessive force.

Defendants' motion to dismiss is DENIED, and defendants' motion for a reply pursuant to Rule 7(a) of the Federal Rules of Civil Procedure as to the claim for excessive force is GRANTED. Plaintiff shall file a reply to defendants' claim of qualified immunity regarding his claim for excessive force by April 1, 2011.  Plaintiff shall include information regarding whether he was shocked with the taser before or after his moment of confusion.

**D.      State Law Claims**

Plaintiff alleges that the officers' actions constitute false arrest and battery under Louisiana law. Plaintiff also claims that the City is liable to him for the state law claims under the theory of *respondeat superior* because the officers were acting in the course and scope of their employment.

**1.      False Arrest**

Under Louisiana law, the tort of false arrest, or false imprisonment, has two essential elements: (1) detention of a person; and (2) the unlawfulness of such detention. Touchton v. Kroger, 512 So.2d 520, 524 (La. Ct. App. 1987). Plaintiff has alleged that he was arrested and detained, and

that these actions were unlawful.  Therefore, he has alleged sufficient facts to support the necessary elements of a claim for false arrest, and the motion to dismiss is DENIED as to plaintiff's false arrest claim brought under Louisiana law.

### 2.    Battery

Battery is a harmful or offensive contact to another without that person's consent, done with an intent to cause the person to suffer such contact. Caudle v. Betts, 512 So.2d 389, 390 (La. 1987). Plaintiff has alleged a claim for battery under Louisiana law by alleging that he was tasered while offering no resistence, and the motion to dismiss is DENIED as to plaintiff's battery claim brought under Louisiana law.

### CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss; Alterative Motion for Rule 7(a) Reply filed by defendants, Joshua Wilkerson, Hilmer Hermann, David Rumbelow, and the City of Kenner (the "City") (Doc. # 18), is **GRANTED,** as to plaintiff's Fourth Amendment claims for false arrest regarding the initial seizure brought against Wilkerson, Hermann, and Rumbelow  pursuant to 42 U.S.C. § 1983, and those claims are **DISMISSED**.  The motion for to dismiss is **DENIED** as to: (1) plaintiff's Fourth Amendment claims for unlawful detention and excessive force brought against Wilkerson, Hermann, and Rumbelow under § 1983; and, (2) plaintiff's claims for false imprisonment and battery brought against Wilkerson, Hermann, and Rumbelow, and the City under Louisiana law. Further, the motion for a Rule 7(a) reply is **GRANTED** as to plaintiff's plaintiff's Fourth Amendment claims for unlawful detention and excessive force brought against Wilkerson, Hermann, and Rumbelow under § 1983.

11

**IT IS FURTHER ORDERED** that plaintiff file a reply to Wilkerson's, Hermann's, and Rumbelow's qualified immunity defenses regarding his claims for unlawful detention and excessive force by April 1, 2011.

New Orleans, Louisiana, this  16th  day of March, 2011.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**