UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LEWIS SIMMONS                                    CIVIL ACTION

VERSUS                                           NO: 10-1559

JENNIFER R. SNOWDEN, ET AL.                      SECTION: "S" (5)

ORDER AND REASONS

IT IS HEREBY ORDERED that the Motion for Summary Judgment filed by defendants,

Joshua Wilkerson, Hilmer Hermann, David Rumbelow, and the City of Kenner (the "City") (Doc.

# 33), is DENIED WITHOUT PREJUDICE to the defendants reurging the motion for summary

judgment as to plaintiff's excessive force and battery claims after Hilmer Hermann has been

deposed.

BACKGROUND

On May 26, 2009, plaintiff, Lewis Simmons, an officer of the New Orleans Police

Department ("NOPD"), went to the Hancock Bank in Kenner, Louisiana, and inquired about opening

an account.  Plaintiff did not have the items required to open an account, and he left the bank.   An

employee of the Hancock Bank, Jennifer Snowden, contacted the Kenner Police Department and

made a suspicious persons complaint regarding plaintiff.  Snowden also contacted other banks in

the area, including the Whitney National Bank, and gave information concerning plaintiff.  Later that

day, plaintiff entered the Whitney National Bank in Kenner, Louisiana to open an account,

whereupon a bank employee, Maria McDaniel, based on Snowden's report, informed the Kenner

Police Department of plaintiff's presence at the bank.  Plaintiff, unaware that the police had been

contacted, met with a Whitney National Bank officer regarding opening a checking account. After being advised that his credit history precluded him from opening an account, plaintiff proceeded to exit the premises.  As plaintiff exited the bank, he was confronted by Kenner Police Officers Wilkerson, Hermann, and Rumbelow, who were responding to the armed robbery report.  With guns drawn, Wilkerson and Hermann yelled at plaintiff to get on the ground.  Plaintiff was momentarily startled and stepped back into the bank.  He then complied with the defendant officers' instructions and got on the ground.  While on the ground, plaintiff informed the defendant officers that he was "a 26," police terminology for a fellow police officer.  Rumbelow dry stunned plaintiff with a taser while Wilkerson and Herman handcuffed him.  The defendant officers detained plaintiff in the bank's security office until representatives from the NOPD's Public Integrity Bureau arrived. Plaintiff was ultimately released without being charged.

Plaintiff alleged that the defendant officers violated his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States to be free from unreasonable seizure, to be free from unlawful detention, and to be free from the excessive use of force during arrest. Further, plaintiff alleged that the defendant officers' actions constitute false arrest and battery under Louisiana law. Plaintiff also alleges that the City is liable under the theory of *respondeat superior* because the defendant officers were acting in the course and scope of their employment.

The defendant officers and the City filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The defendant officers argued that they are entitled to qualified immunity regarding plaintiff's constitutional claims because their alleged conduct was objectively reasonable.  Also, the defendant officer and the City argued that plaintiff

failed to state claims for false imprisonment and battery under Louisiana law.  In the alternative, defendant officer and the City sought to compel a detailed reply to their qualified immunity defense pursuant to Rule 7(a) of the Federal Rules of Civil Procedure.

The court granted the motion as to plaintiff's Fourth Amendment claim regarding the initial seizure, and denied the motion as to plaintiff's Fourth Amendment claims regarding excessive force and unlawful detention, and his Louisiana state law claims for false imprisonment and battery.  The court ordered plaintiff to filed a Rule 7(a) reply as to his Fourth Amendment claims regarding excessive force and unlawful detention.

In his Rule 7(a) reply, plaintiff re-urged the allegations in his complaint, and added the following factual allegations: that the defendant officers knew that plaintiff was a police officer when they viewed his NOPD credentials; Rumbleow used the taser on plaintiff after plaintiff's confusion had passed and he had became complaint; the defendant officers searched plaintiff immediately after he was handcuffed and found that he was not armed; plaintiff permitted the defendant officers to search his car for a weapon; plaintiff was handcuffed on the sidewalk for approximately five to fifteen minutes, and detained in the bank office for another thirty minutes; and the police report indicates that Hermann conducted interviews with Whitney National Bank employees, and they advised Hermann that plaintiff was simply trying to open an account.

The defendant officers filed a motion for summary judgment arguing that plaintiff's Rule 7(a) reply does not defeat their qualified immunity defense as to his constitutional claims, and plaintiff cannot prevail on his Louisiana state law claims for false imprisonment and battery.

3

## ANALYSIS

### A.      Summary Judgment Standard

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c).  If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.  Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).  The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

### B.      Qualified Immunity

The defendant officers argue that they are entitled to qualified immunity under 42 U.S.C. § 1983 regarding plaintiff's claims for violations of his constitutional rights to be free from unlawful detention and the excessive use of force during arrest. "A qualified immunity defense serves to shield a government official from civil liability for damages based upon the performance of discretionary functions if the official's acts were objectively reasonable in light of then clearly established law." Atteberry v. Nocona Gen'l Hosp., 430 F.3d 245, 253 (5th Cir.2005) (citation

omitted).  Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 106 S.Ct. 1092, 1096 (1986).  "The immunity inquiry is intended to reflect the understanding that 'reasonable mistakes can be made as to the legal constraints on particular police conduct.'" Pasco v. Knoblauch, 566 F.3d 572, 582 (5th Cir. 2009) (citation omitted).  "A mistake reasonably made as to probable cause justifies qualified immunity." Mesa v. Prejean, 543 F.3d 264, 269 (5th Cir. 2008).

"When a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense." Club Retro, LLC v. Hilton, 568 F.3d 181, 194 (5th Cir. 2009) (citing McClendon v. City of Columbia, 305 F.3d 314, 323 (5th Cir. 2002) (en banc)). "To discharge this burden, a plaintiff must satisfy a two-prong test.  First, he must claim that the defendants committed a constitutional violation under current law.  Second, he must claim that the defendants' actions were objectively unreasonable in light of the law that was clearly established at the time of the actions complained of." Atteberry, 430 F.3d at 253; see also Stokes v. Gann, 498 F.3d 483, 484 (5th Cir. 2007).  In the qualified immunity context, the objective reasonableness of an officer's belief that his conduct was lawful is a question of law, not fact. See Atteberry, 430 F.3d at 256.

As to the second prong, "it is the defendant's conduct as alleged in the complaint that is scrutinized for 'objective legal reasonableness.'" McClendon, 305 F.3d at 323 (quoting Behrens v. Pelletier, 116 S.Ct. 834, 840 (1996)).  The sequence of the two-prong analysis is not mandatory, and courts may exercise discretion in deciding which of the two prongs should be addressed first. Pearson v. Callahan, 129 S.Ct. 808, 818 (2009).

1.    **Detention Claim**

The court previously found that the defendant officers are entitled to qualified immunity for plaintiff's claims regarding the initial seizure.  However, a lawful seizure "can become unlawful if it is prolonged beyond the time reasonably required to complete that mission." Illinois v. Caballes, 125 S.Ct. 834, 837 (2005). Here, plaintiff alleges that he was kept handcuffed on the sidewalk for five to fifteen minutes, and then detained in the Whitney National Bank's security office for approximately thirty minutes until defendant officers from the NOPD's Public Integrity Bureau arrived.

The defendant officers contend that while plaintiff was detained they were verifying plaintiff's police credentials and interviewing bank employees to ensure that a robbery had not occurred.  Further, they contend that the NOPD requested that plaintiff be kept at the bank until their representatives arrived.  The defendant officers argue that the amount of time plaintiff alleges he was detained was reasonable for them to take these reasonable actions to assess the situation.

Plaintiff contends that the amount of time he was held was unreasonable.  He argues that the defendant officers knew in a matter of minutes that he did not rob the bank, and that they knew he was a police officer when they saw his police credentials.  Also, he disputes that the NOPD requested that he be detained, and contends that the defendant officers insisted on the detention pending the arrival of NOPD representatives.  Further, plaintiff points out that the bank manager, Christie McDaniel, testified that plaintiff was held in the bank's office for a couple of hours. Plaintiff contends that her recollection may be better than his own, and that the court should accept her version.

6

The factual disputes regarding how long plaintiff was held and by whose orders indicate that the defendant officers' conduct in detaining plaintiff may have been beyond what was reasonably required to complete their mission to investigate the armed robbery complaint.  Therefore, the motion for summary judgment is DENIED as to plaintiff's unlawful detention claim.

### 2.     Excessive Force Claim

The Fourth Amendment protects the right of people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures. Milligan v. City of Slidell, 226 F.3d 652, 654 (5th Cir. 2000).  To succeed in a § 1983 claim for excessive force under the Fourth Amendment, a plaintiff must show that: (1) he suffered an injury; (2) such injury resulted directly and only from the use of force that was excessive to the need, and; (3) such force was objectively unreasonable. Flores v. City of Palacios, 381 F.3d 391, 396 (5th Cir. 2004); Goodson v. City of Corpus Christi, 202 F.3d 730, 740 (5th Cir. 2000).  Assessing the reasonableness of a police officer's use of force involves "a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Graham v. Connor, 109 S.Ct. 1865, 1871 (1989).  This balancing "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments  – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation." Id. at 1872.

Plaintiff alleges that Rumbelow's using a taser on him was unlawful because he was shocked after he became complaint. The defendant officers contend that their use of force against plaintiff was not excessive to any need, and was objectively reasonable under the circumstances, because plaintiff did not show his hands as ordered, but rather reached under his sweatshirt. McDaniel testified that when the defendant officers knocked plaintiff to the ground, plaintiff was reaching under his sweatshirt.  Also, Wilkerson testified that plaintiff's "hands were tucked up underneath him" and Wilkerson thought that plaintiff was reaching for a gun.  According to Wilkerson, before Rumbelow used the taser, the defendant officers believed they were responding to an armed robbery, and had not yet searched plaintiff for weapons.

Plaintiff argues that summary judgment on the issue of the defendant officers' qualified immunity defense regarding the use of excessive force is premature because Hermann has not been deposed.  Hermann is serving a tour of duty in Afghanistan with the Louisiana National Guard and is scheduled to return to the United States in December 2011.  Plaintiff contends that Hermann's testimony is crucial to the excessive force issue because Hermann was an eyewitness to the tasing.

Under Rule 56(d)(1) of the Federal Rules of Civil Procedure, the court can defer considering a motion for summary judgment or deny it if "the nonmovant shows by affidavit or declaration that, for specified reasons it cannot present facts essential to justify its opposition."  Plaintiff's attorney submitted an affidvit in which he attests to the facts of Hermann's unavailability for deposition due to his military service.  Because Hermann's testimony is important to the issues surrounding plaintiff's excessive force claim, the defendant's officers' motion for summary judgment is DENIED as to that claim, without prejudice to defendants' reurging the motion after Hermann's deposition.

8

**C.      State Law Claims**

Plaintiff alleges that the defendant officers' actions constitute false arrest and battery under Louisiana law. Plaintiff also claims that the City is liable to him for the state law claims under the theory of *respondeat superior* because the defendant officers were acting in the course and scope of their employment.

**1.      False Imprisonment**

Under Louisiana law, the tort of false arrest, or false imprisonment, has two essential elements: (1) detention of a person; and (2) the unlawfulness of such detention. Touchton v. Kroger, 512 So.2d 520, 524 (La. Ct. App. 1987).

The defendant officers and the City argue that plaintiff cannot prove that the detention was unlawful.  They base this argument on the assertion that the defendant officers are entitled to qualified immunity for plaintiff's constitutional detention claim. As stated above, the defendant officers have not proved that they are entitled to qualified immunity regarding plaintiff's constitutional detention claim because there are disputed issues of material fact regarding the lawfulness of the detention.  Therefore, the motion for summary judgment is DENIED as to plaintiff's false imprisonment claim.

**2.      Battery**

Battery is a harmful or offensive contact to another without that person's consent, done with an intent to cause the person to suffer such contact. Caudle v. Betts, 512 So.2d 389, 390 (La. 1987). The defendant officers and the City argue that they are entitled to summary judgment on plaintiff's battery claim because  the use of force was justified.  As stated above, the defendant officers have

not proved that they are entitled to qualified immunity regarding plaintiff's excessive force claim because there is outstanding discovery that is pertinent to that claim, sepecifically, Hermann's deposition.  Hermann's testimony is also material to plaintiff's battery claim.  Therefore, the motion for summary judgment is DENIED as to plaintiff's battery claim, without prejudice to defendants' reurging the motion after Hermann's deposition.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by defendants, Joshua Wilkerson, Hilmer Hermann, David Rumbelow, and the City of Kenner (the "City") (Doc. # 33), is **DENIED WITHOUT PREJUDICE** to the defendants reurging the motion for summary judgment as to plaintiff's excessive force and battery claims after Hilmer Hermann has been deposed.


New Orleans, Louisiana, this   17th  day of October, 2011.


**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**