# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEWIS SIMMONS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-1559** |
| **JENNIFER R. SNOWDEN, ET AL.** | **SECTION: "S" (5)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by defendants, Whitney National Bank and Christie McDaniels (Doc. #38), is **DENIED**.

## BACKGROUND

On May 26, 2009, plaintiff, Lewis Simmons, an officer of the New Orleans Police Department ("NOPD"), went to the Hancock Bank in Kenner, Louisiana, and inquired about opening an account. Plaintiff did not have the items required to open an account, and he left the bank. An employee of the Hancock Bank, Jennifer Snowden, contacted the Kenner Police Department and made a suspicious persons complaint regarding plaintiff. Snowden also contacted other banks in the area, including the Whitney National Bank, and gave information concerning plaintiff. Later that day, plaintiff entered the Whitney National Bank in Kenner, Louisiana to open an account, whereupon a bank employee, Christie McDaniels, based on Snowden's report, informed the Kenner Police Department of plaintiff's presence at the bank. Plaintiff, unaware that the police had been contacted, met with a Whitney National Bank officer regarding opening a checking account. After being advised that his credit history precluded him from opening an account, plaintiff proceeded to exit the premises. As plaintiff exited the bank, he was confronted by Kenner Police Officers

Wilkerson, Hermann, and Rumbelow, who were responding to the armed robbery report. With guns drawn, Wilkerson and Hermann yelled at plaintiff to get on the ground. Plaintiff was momentarily startled and stepped back into the bank. He then complied with the defendant officers' instructions and got on the ground. While on the ground, plaintiff informed the defendant officers that he was "a 26," police terminology for a fellow police officer. Rumbelow dry stunned plaintiff with a taser while Wilkerson and Herman handcuffed him. The defendant officers detained plaintiff in the bank's security office until representatives from the NOPD's Public Integrity Bureau arrived. Plaintiff was ultimately released without being charged.

Plaintiff alleges that McDaniels and Whitney Bank were negligent for sounding the alarm which lead to the police officers' actions. McDaniels and Whitney Bank moved for summary judgment arguing that plaintiff cannot prevail on his tort claims against them because they acted reasonably under the circumstances.

## ANALYSIS

### A.　　Summary Judgment Standard

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations,

unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**B.     Louisiana Tort Law**

Under Louisiana law, to prevail on a claim for negligence, the plaintiff must prove: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element). Lemann v. Essen Lane Daiquiris, Inc., 923 So.2d 627, 633 (La.2006) (citing Fowler v. Roberts, 556 So.2d 1, 4 (La.1989)). A negative answer to any of the inquiries of the duty-risk analysis results in a determination of no liability. Mathieu v. Imperial Toy Corp., 646 So.2d 318, 321 (La.1994). "Whether a duty is owned is a question of law; whether defendant has breached a duty owed is a question of fact." Brewer v. J.B. Hunt Transport, Inc., 35 So.3d 230, 240 (La. 2010). McDaniels and the other bank employees had a duty to act reasonably under the circumstances. Ewans v. Wells Fargo Bank, N.A., 389 Fed. Appx. 383 (5th Cir. 2010).

McDaniels and Whitney Bank argue that McDaniels acted reasonably under the circumstances by sounding the alarm because the bank employees are trained to identify and report

3

suspicious persons, and that plaintiff looked suspicious on the day in question. Plaintiff was dressed in black shorts, a sweatshirt, skull cap, and sun glasses. The employees at Hancock Bank thought he was dressed improperly for the weather, 85 degrees, and they noticed that he paced and did not look them in the eye during their conversations with him. Someone from Hancock Bank told McDaniels about Simmons and McDaniels also thought he was suspicious. McDaniels and Whitney Bank argue that McDaniels had a duty to protect the bank employees and patrons from the potential of a robbery, and thus her actions were reasonable.

Plaintiff argues that McDaniels did not act reasonably because she observed his behavior in the bank and could have asked the employees with whom he interacted why he was there before she sounded the bank's alarm. If she had done that, she would have discovered that he was attempting to open an account, and would not have been suspicious. Indeed, Mary Broussard, the personal banker at Whitney Bank with whom plaintiff spoke, testified that she knew that plaintiff fit the description of the suspicious person about whom they were warned, but that she was not alarmed when speaking with plaintiff because there interaction was pleasant and he was a police officer. Plaintiff argues that McDaniels acted unreasonably by sounding the alarm without further investigation. Plaintiff argues that it would have been reasonable instead for McDaniels to call the police and describe the situation.

Because reasonable minds could differ as to whether McDaniels acted reasonably in pulling the alarm, the reasonableness of McDaniels' actions is a question of fact for the jury, and the motion for summary judgment is **DENIED**.

4

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by defendants, Whitney National Bank and Christie McDaniels (Doc. #38), is **DENIED**.

New Orleans, Louisiana, this  28th  day of November, 2011.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**